# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH L. BELL,

        Plaintiff,

v.                                            Case No. 07-C-0655

BOB JOHNSON, MARY TOWNS,
JOSEPH DUKES, and LATASHA DUKES,

        Defendants.

## DECISION AND ORDER

### Discussion

On July 17, 2007, the plaintiff, Joseph L. Bell, filed a complaint based on alleged violations of the Title VII of the Civil Rights Act of 1964, as amended and the "Disabilities Act." (Complaint at 3).[1] On July 20, 2007, the plaintiff filled an amended complaint which is actually a supplement to his initial complaint. A number of photographs were submitted with the amended complaint. The court notes that the amended complaint lists two named plaintiffs, Joseph L. Bell and Velma Johnson. Ms. Johnson did not sign the amended complaint. The plaintiff also filed a request to proceed in forma pauperis with his initial complaint. On July 30, 2007, the plaintiff filed a motion for a declaratory judgment and to receive a compensatory settlement.

In his initial complaint, the plaintiff recites problems with his landlord, Bob Johnson, and some of the tenants in his apartment building. He states that his landlord has other tenants,

---

[1]The complaint, which starts on page three, is nine pages long. The amended complaint is six pages long. In the interest of simplicity, the court will refer to the pages in the complaint and the amended complaint as they are numbered in the Electronic Case Filing (ECF) system.

namely defendants Joseph Dukes, Latasha Dukes and Mary Towns, "make up phony statements to discredit [his] character and personality." (Complaint at 5). The plaintiff further states that defendant Johnson gave him a 28 day notice and told him that he had to move. The plaintiff claims that defendant Johnson's notice to terminate the plaintiff's tenancy is "a [sic] illegal attempt to intimidate [him]." (Complaint. at 7). The plaintiff states that one of the reasons defendant Johnson is trying to terminate the plaintiff's tenancy is because he does not want to pay for the plaintiff's "soiled clothes." (Complaint. at 8). The plaintiff's clothes allegedly were soiled on June 2, 2007, when urine leaked into the plaintiff's closet from the apartment above the plaintiff's apartment. (Complaint at 3-4).

In his amended complaint, the plaintiff states that on July 12, 2007, there was a complaint filed about the "urine water" leakage from the apartment above the plaintiff's apartment at 3113 W. Greenfield Ave. (Amended Complaint at 1-2). It is not clear who filed the complaint. The plaintiff states that defendant Johnson knew about the complaint on July 16, 2007, when he decided to terminate the plaintiff's tenancy. (Amended Complaint at 1-2). The plaintiff contends that defendant Johnson is trying to evict him in retaliation for the filing of the complaint. The plaintiff included photographs and his July 19, 2007, letter to Bob Johnson with his amended complaint.

At the outset, the court notes that federal courts are courts of limited jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. See Erwin Chemerinsky, Federal Jurisdiction at 248 (2nd ed. 1994). A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the

federal court has the authority to hear the case. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182-89 (1936); see also, Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996). Thus, every court has an independent responsibility to determine in every case whether it has subject matter jurisdiction and to dismiss the case if it concludes it does not. See Pratt Central Park Ltd. Partnership v. Dames & Moore, Inc., 60 F.3d 350, 352-54 (7th Cir. 1995); Ross v. Inter-Ocean Ins. Co., 693 F.2d 659, 660 (7th Cir. 1982).

Federal courts can have jurisdiction based on a federal question or on diversity of citizenship. The presence of federal question jurisdiction is determined by the plaintiff's complaint. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law", in that "federal law is a necessary element of one of the well-pleaded . . . claims." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808 (1988) (citations omitted).

Section 1332 of Title 28 of the United States Code sets forth the requirements for diversity jurisdiction and provides, as relevant here, that "district courts shall have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000," exclusive of interest and costs," and the case "is between citizens of different States."
To determine whether the jurisdictional amount in controversy is met, the court looks to the plaintiff's complaint along with the record as a whole. Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993).

In this case, the plaintiff references discrimination in violation of Title VII and the "Disabilities Act." Title VII of the United States Code makes it unlawful for an employer to. . . "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1). Title I of the Americans with Disabilities Act (ADA) prohibits covered entities from discriminating against "a qualified individual with a disability because of the disability . . . in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

In this case, the plaintiff does not allege an employment relationship with the defendants. Rather, he identifies the defendants as his landlord and other tenants in his apartment building. Thus, the court finds that it does not have subject matter jurisdiction based on a federal question. Similarly, there is no indication in the complaint that the plaintiff and the defendants are citizens of different states such as to provide jurisdiction based on diversity of citizenship. Under the circumstances, the court concludes that it does not have subject matter jurisdiction in this case. Therefore, this case must be dismissed for lack of subject matter jurisdiction. See Pratt Central Park Ltd. Partnership, 60 F.3d at 352-54.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that this action be and hereby is **dismissed** for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2007.

BY THE COURT:

s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge